IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00708–WYD–KMT

WYATT T. HANDY, JR.,

     Plaintiff,

v.

OFF. SEAN PASCAL, individual & official capacity, and
DREW BONSALL, individual capacity,

     Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Leave to File his First Amended

Complaint." (Doc. No. 79, filed Nov. 21, 2011.) Pursuant to D.C.COLO.LCivR 7.1C and Fed.

R. Civ. P. 6(d), Defendants had until December 15, 2011 to file a response to Plaintiff's Motion.

No response was filed by, or at anytime after, that date.

Plaintiff seeks to file an amended complaint based Chief Judge Wiley Y. Daniel's

October 31, 2011 Order adopting this court's Recommendation that Defendant Pascal's Motion

to Dismiss be granted with the sole exception of Plaintiff's malicious prosecution claim. (Doc.

No. 77.) In that Order, Chief Judge Daniel permitted Plaintiff to file a motion for leave to amend

his complaint within twenty days to cure the deficiencies noted in the Order and this court's

Recommendation as to the malicious prosecution claim asserted against Defendant Pascal. (*Id.*)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983). The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Here, in light of the fact that Chief Judge Daniel specifically permitted Plaintiff to file the present motion, the court finds that a number of bases for denying leave to amend that might otherwise be available—namely undue delay, bad faith or dilatory motive, and failure to cure deficiencies—are inapplicable here.

Defendants have not responded to Plaintiff's Motion and therefore have not demonstrated that they would suffer any prejudice.  Nor is any potential prejudice readily apparent to the court. Finally, because the court finds that no prejudice will result if Plaintiff's Motion is granted, the court finds it appropriate to conserves judicial resources and instead defer consideration of the sufficiency of Plaintiff's malicious prosecution claim until if and when Defendants file a motion to dismiss on those grounds.  *See Stender v. Cardwell,* 07–cv–02503–WJM–MJW, 2011 WL 1235414, at *3 (D.Colo. Apr.1, 2011) (concluding that it is appropriate to defer consideration of the purported futility of a plaintiff's proposed amendments where the defendant does not argue that they would face undue prejudice if leave to amend were granted).

Therefore, it is ORDERED

"Plaintiff's Motion for Leave to File his First Amended Complaint" (Doc. No. 79) is GRANTED.  The clerk of court shall file Plaintiff's First Amended Complaint (Doc. No. 79-1).

Dated this 5th day of January, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge