IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00708–WYD–KMT

WYATT T. HANDY, JR.,

    Plaintiff,

v.

OFF. SEAN PASCAL, individual & official capacity, and
DREW BONSALL, individual capacity,

    Defendants.

## **AMENDED** RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the Order to Show Cause entered by this court on January 24, 2012. (Doc. No. 85.) Plaintiff's original Prisoner Complaint, filed on March 21, 2011, asserts claims against the Defendant Drew Bonsall. (Doc. No. 1.)

    Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

    More than 120 days have passed since Plaintiff's original Prisoner Complaint was filed in this matter and Defendant Bonsall has yet to be served. Although Plaintiff has now filed an Amended Complaint in which he continues to name Defendant Bonsall as a defendant (Doc. No.

82, filed Jan. 5, 2012), Rule 4(m)'s 120-day period is not restarted by the filing of an amended complaint where the unserved defendant was named in the original iteration of the complaint. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).  On January 24, 2012, this court ordered Plaintiff to show cause in writing, on or before February 7, 2012, why Plaintiff's claims against Defendant Bonsall should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.  (Doc. No. 85.)

On February 7, 2012, Plaintiff file a response to the Order to Show Cause conceding that, based upon Plaintiff's inability to serve Defendant Bonsall within 120 days, Defendant Bonsall should be dismissed without prejudice from this case.  (Doc. No. 86.)  Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants.  Accordingly, the court finds that Plaintiff's claims against Defendant Bonsall are properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's claims against Defendant Bonsall be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge