IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.    11-cv-00708-WYD-KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

OFF. SEAN PASCAL, Individual and Official Capacity, and
DREW BONSALL, Individual Capacity,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING AMENDED RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on the Amended Recommendation issued by Magistrate Judge Tafoya on February 15, 2012.   (ECF No. 89).   In the Amended Recommendation, Magistrate Judge Tafoya recommends that Plaintiff's claims asserted against Defendant Drew Bonsall should be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(m).   The Amended Recommendation is incorporated herein by reference.   See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

By way of background, Plaintiff's original Prisoner Complaint, filed March 21, 2011, asserts claims against Defendant Drew Bonsall.   More than 120 days have passed since Plaintiff's original Prisoner Complaint was filed in this matter and Defendant Bonsall has yet to be served.   Although Plaintiff has now filed an Amended Complaint in which he continues to name Defendant Bonsall as a defendant (ECF No. 82, filed Jan. 5, 2012), Rule 4(m)'s 120-day period is not restarted by the filing of an

amended complaint where the unserved defendant was named in the original iteration of the complaint.  *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

On January 24, 2012, Magistrate Judge Tafoya ordered Plaintiff to show cause in writing, on or before February 7, 2012, why Plaintiff's claims against Defendant Bonsall should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.  (Doc. No. 85).  On February 7, 2012, Plaintiff filed a response to the Order to Show Cause conceding that, based upon Plaintiff's inability to serve Defendant Bonsall within 120 days, Defendant Bonsall should be dismissed without prejudice from this case.  (ECF No. 86.)  Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants.

Magistrate Judge Tafoya advised the parties that written objections were due within fourteen (14) days after service of a copy of the Amended Recommendation. (Am. Recommendation at 2-3.)  Despite this advisement, no objections were filed to the Amended Recommendation.  No objections having been filed, I am vested with discretion to review the Amended Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Amended Recommendation to "satisfy [my]self that there is no clear error on the face of the

record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Amended Recommendation, I am satisfied that there is no clear error on the face of the record.   I find that Magistrate Judge Tafoya's Amended Recommendation is thorough, well reasoned and sound.   I agree with Magistrate Judge Tafoya that the claims asserted against Defendant Drew Bonsall should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service for the reasons stated in both the Amended Recommendation and this Order.

Based on the foregoing, it is

ORDERED that the Amended Recommendation of United States Magistrate Judge Tafoya (ECF No. 89) is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that the claims asserted against Defendant Drew Bonsall should be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for lack of service.

Dated:   March 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).